EL PUEBLO DE PUERTO RICO, apelado, *v.* BIENVENIDO FROMETA HAZOURY, acusado y apelante.

*Número:* CR-93-148          *Resuelto:* 12 de febrero de 1996

*Armando López Cabán,* abogado de la parte apelante; *Grisel Hernández Esteves, Procuradora General Auxiliar,* y *Car-*

los *Lugo Fiol, Procurador General Interino,* abogados de El Pueblo.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

I

En el Tribunal Superior, Sala de San Juan, un Jurado rindió el veredicto de culpabilidad contra Bienvenido Frometa Hazoury por los delitos de actos lascivos e impúdicos, agresión agravada y alteración a la paz, Arts. 105, 260 y 95, respectivamente, del Código Penal, 33 L.P.R.A. secs. 4067, 4521 y 4032, cometidos en la persona de la Sra. A.M.C.A. Ocurrieron durante el mes de marzo de 1993, y la víctima fue agredida por su patrono Frometa Hazoury en el lugar de empleo.

El tribunal (Hon. Crisanta González Rodríguez, Juez) lo sentenció a cumplir seis (6) años por el delito de actos lascivos y seis (6) meses por cada uno de los otros delitos, todos consecutivos entre sí, con el beneficio de sentencias suspendidas.

En apelación, como *único* señalamiento de error cuestiona la negativa del Tribunal de Primera Instancia a "transmitir al jurado el contenido *íntegro* [en el Manual de Instrucciones] al Jurado, [de aquella instrucción referente] al Art. 105 del Código Penal de Puerto Rico ... *donde se indica que el testimonio de la víctima en éste tipo de caso debe mirarse con sospecha".* (Énfasis suplido.) Alegato del apelante, pág. 1. Este artículo dispone:

No es esencial que el testimonio de la víctima sea corroborado por otra evidencia, siempre que del conjunto de la prueba, ustedes estén convencidos fuera de toda duda razonable de la culpabilidad del acusado. Sin embargo, una imputación como la que se le ha hecho al acusado, en términos generales, se hace con facilidad, y una vez hecha es difícil de desmentir aún siendo inocente éste. *Por [la] naturaleza del delito, usualmente los úni-*

*cos testigos son la parte perjudicada y el acusado. Por lo tanto, les instruyo para que examinen con cautela el testimonio de la víctima; pero el hecho de que la imputación es fácil de hacer y difícil de desmentir no debe obstar para un veredicto de culpabilidad si ustedes están convencidos,* fuera de duda razonable, que el acusado es culpable. (Énfasis suplido.) Manual de Instrucciones al Jurado, aprobado por el Tribunal Supremo de Puerto Rico, 27 de marzo de 1980, pág. 182.

La ilustrada sala sentenciadora sostuvo que la instrucción antes transcrita discriminaba contra las víctimas de delitos sexuales, en comparación con las víctimas de delitos no sexuales a quienes no les aplica. Sostuvo que a las personas víctimas de agresiones sexuales no se les puede tratar por ley de forma distinta. Enfatizó que hay múltiples delitos que no se cometen a la vista de otras personas; aún así, la ley no ordena que se miren con cautela los testimonios de sus víctimas. A juicio suyo, tratándose aquí de un delito sexual y al ser la víctima una mujer, era discriminatorio ofrecer instrucciones al Jurado de mirar su testimonio con sospecha. Distinguió estos casos de aquellos que involucran un coautor o cómplice, destacando como diferencia esencial que la víctima de un delito sexual no es un delincuente y, por el contrario, su participación como sujeto pasivo *es completamente involuntaria.*

Ante nos, el apelante Frometa Hazoury argumenta que *Com. de la Mujer v. Srio. de Justicia,* 109 D.P.R. 715 (1980) —invocado por el Ministerio Fiscal— no aplica, pues se limita a casos de *violación.* Nos expone que las objeciones que apuntalan el razonamiento del foro de instancia son superables dándole vigencia e impartiendo la instrucción de examinar con cautela el testimonio de la víctima, tanto en caso de delitos sexuales como no sexuales, para eliminar así el trato desigual. Finalmente, nos dice que la omisión en la instrucción le fue sumamente perjudicial.

## II

De entrada, reiteramos dos (2) normas referentes a nuestra función apelativa en materia de instrucciones. *Primera*, no atenderemos planteamientos por comisión u omisión no presentados en el tribunal sentenciador antes de que el Jurado se retirase a deliberar. *Pueblo v. Nieves Ramos*, 101 D.P.R. 531 (1973). Por excepción, los examinaremos si el error involucra potencialmente una lesión a derechos fundamentales o si, por su importancia al sistema de procedimiento criminal en los foros de instancia, amerita una interpretación de este Tribunal. Y *segunda*, las instrucciones en el Manual de Instrucciones al Jurado gozan de una presunción de corrección, pero su utilización es discrecional. Su carácter persuasivo le permite al juez modificar su texto para ajustarlo a las particularidades del caso que se esté ventilando.

Así aclarado, no nos convencen los argumentos del apelante Frometa Hazoury. Ciertamente *Com. de la Mujer v. Srio. de Justicia*, supra, encierra el delito de violación; sin embargo, en su *sustrato*, ambos revelan ciertas características comunes que nos permiten —vía razonamiento analógico— aplicarlo. Allí analizamos y decretamos la inconstitucionalidad del requisito de corroboración del testimonio de las víctimas de violación; en el caso de autos se cuestiona la validez de la instrucción de "mirar con cautela" en el delito de actos lascivos e impúdicos contra una mujer. Ambas instrucciones tienen un mismo origen, a saber, son resultado de la expresión de Sir Mathew Hale, Juez Presidente de la Corte Real Inglesa para los años 1671–1676, quien sembró la idea en su famosa frase "una imputación como la que se le ha hecho al acusado (violación), en términos generales, se hace con facilidad, y una vez hecha es difícil de desmentir aún siendo inocente éste. Por la naturaleza de[l] delito, usualmente los únicos testigos son la parte perjudicada y el acusado. Por lo tanto, les

instruyo para que examinen con cautela el testimonio de la víctima".(¹) Aunque dirigida originalmente hacia los procesos por violación, la frase fue el punto de partida para el requisito de corroboración en tales delitos y, luego, como instrucción aplicable se extendió a otros delitos sexuales, incluso a los actos lascivos. *Com. de la Mujer v. Srio. de Justicia*, supra. En conclusión, el trasfondo histórico que la engendró y el análisis en *Com. de la Mujer v. Srio. de Justicia*, supra, indiscutiblemente son pertinentes para la justa solución del caso de autos.

El apelante Frometa Hazoury nos propone que apliquemos la instrucción a todos los delitos que compartan la misma naturaleza, a saber, fáciles de crear y difíciles de desmentir. No podemos acceder. De su faz estamos ante una instrucción que se encuentra en estado de obsolescencia. Si no procede ni debe aplicarse al delito de actos lascivos, menos aún a otros delitos de naturaleza similar. Nos explicamos.

■ Hace poco, en *Pueblo v. Canino Ortiz*, 134 D.P.R. 796, 811 (1993), resolvimos que dicha instrucción no infringía la garantía constitucional contra la autoincriminación (comentar al silencio del acusado), al mencionar que "[p]or la naturaleza del delito, usualmente los únicos testigos son la parte perjudicada y el acusado". Dijimos que le beneficiaba, pues podía tener el efecto de, por sí sola, engendrar duda razonable en los jurados. Calificamos de "realmente superflua" dicha terminología y la eliminamos en aras de lograr que los juicios criminales fueran los más justos, balanceados e imparciales posibles. Con carácter prospectivo,(²) dispusimos que los jueces deberían abstenerse de in-

---

(¹) Traducido de la cita original: "A charge such as that made against the defendant in this case, is one which is easily made, and, once made, difficult to defend against, even if the person accused is innocent. Therefore, the law requires that you examine the testimony of the female person named in the Information with caution."

(²) En el caso de autos, el juicio se celebró *posteriormente*, en agosto de 1993. La ilustrada sala sentenciadora no tuvo el beneficio de *Pueblo v. Canino Ortiz*, 134 D.P.R. 796 (1993).

cluir como parte de la instrucción la oración siguiente: "Por la naturaleza del delito, usualmente los únicos testigos son la parte perjudicada y el acusado." Íd.

El mismo razonamiento judicial que inspiró esos pronunciamientos nos mueve a concluir que la instrucción de evaluar "con cautela" el testimonio de las víctimas de actos lascivos —mujeres, hombres, menores o incapaces— crea también un desbalance entre sus derechos y los múltiples derechos del acusado en el juicio. Como acertadamente expone el Procurador General:

> La instrucción no se justifica ni en ley ni en razón. Esta discrimina arbitrariamente contra la víctima de este delito sexual al diferenciarla de las víctimas de otros delitos. La instrucción enfatiza el hecho de que por la naturaleza del delito usualmente los únicos testigos son la parte perjudicada y el acusado. *Muchos delitos se cometen teniendo como partícipes sólo a la víctima y el acusado, pero las instrucciones que se ofrecen en éstos no invitan a tomar con cautela el testimonio de la víctima.* Una convicción por agresión, intento de asesinato, robo, mutilación o secuestro puede sustentarse únicamente con el testimonio no corroborado de la víctima. ¿Por qué exigir al perjudicado de este delito sexual parámetros de credibilidad superiores a los requeridos a otras víctimas? (Énfasis suplido.) Alegato del Procurador General, pág. 8.

No erró el tribunal sentenciador. En armonía con lo antes expuesto, resolvemos que debe prescindirse de dicha instrucción en su totalidad.

*Se dictará sentencia confirmatoria.*

El Juez Asociado Señor Rebollo López disintió sin opinión escrita.